NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 30, 2012
Decided April 13, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3611

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of |
| | Indiana, Sound Bend Division. |
| *v.* | |
| | No. 3:06-cr-00066-RLM-5 |
| JEROME STENSON, | |
| *Defendant-Appellant.* | Robert L. Miller, Jr., |
| | *Judge.* |

### O R D E R

Defendant-appellant Jerome Stenson was sentenced to nine months' imprisonment after he admitted to violating his supervised release by testing positive for cocaine, failing to participate in a drug aftercare program, and using alcohol on two occasions. Stenson argues on appeal that to incarcerate him for violating his supervised release is to punish him for his addiction to alcohol. The district court's sentence, Stenson therefore asserts, amounts to a punishment for his status as an alcoholic in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

We review de novo whether the district court's sentence violates the Eighth Amendment. *See Robinson v. California*, 370 U.S. 660 (1962); *United States v. Black*, 116 F.3d 198, 200-01 (7th Cir. 1997).

Stenson's argument is not complex; he simply argues that he was punished for his status as an alcoholic, thus falling within the protection of the Cruel and Unusual Punishment Clause as announced in *Robinson v. State of California*, 370 U.S. 660 (1962). In *Robinson*, the Supreme Court held that "a state law which imprisons a person thus afflicted [with narcotic addiction] as a criminal, even though he has never touched any narcotic drug within the State or been guilty of any irregular behavior there, inflicts a cruel and unusual punishment." *Id*. at 667.

But in this case, we are not dealing with a state law that punishes a person for his status as an alcoholic; rather, we are faced with punishment for proscribed *conduct*. The Supreme Court acknowledged this distinction in *Powell v. Texas*, when it upheld a Texas statute that criminalized public intoxication: "The State of Texas thus has not sought to punish a mere status, as California did in *Robinson*; nor has it attempted to regulate appellant's behavior in the privacy of his own home. Rather, it has imposed upon appellant a criminal sanction for public behavior which may create substantial health and safety hazards . . . ." 392 U.S. 514, 532 (1968).

Stenson violated the terms of his supervised release when he failed to attend treatment programs, used cocaine, and abused alcohol so excessively that it led to his arrest for public intoxication. This behavior, which Stenson argues is attributable to his alcoholism, is nonetheless punishable. Under *Powell*, punishment for unlawful conduct resulting from alcoholism is permissible. *See id*. And that is the sort of punishment imposed in this case. As in *Powell*, Stenson was not punished for his status as an alcoholic but for his conduct. Therefore, his claim for cruel and unusual punishment fails.

For the foregoing reasons, we **AFFIRM** the district court's judgment.